[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence September 15, 1989 Date of Application September 15, 1989 Date Application Filed October 3, 1989 Date of Decision July 28, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury. Docket Numbers. CR4-148014; CR4-147476.
 Thomas McDonough, Esq. Defense Counsel for Petitioner Corrine Klatt, Esq. Assistant State's Attorney, for the State
BY THE DIVISION
After trial by jury petitioner was convicted of three separate counts of risk of injury in violation of General Statutes 53-21. On the first two counts he was sentenced to concurrent terms of ten years. On the third count he was sentenced to a consecutive term of ten years with execution suspended and five years probation. The total effective sentence was twenty years execution suspended after ten years with five years probation. Specific terms of probation were imposed.
The convictions were based upon evidence that petitioner, a man in his middle forties, took sexually explicit photographs of females under the age of sixteen years.
At the hearing on this petition the attorney representing petitioner requested a reduction in the sentences. The attorney stressed that there was no sexual activity or contact between petitioner and the children. She CT Page 8364 also argued that the sentence imposed was longer than most sentences imposed for more serious offenses and was therefore disproportionate. It was stated that petitioner was no threat to the community.
Speaking on his own behalf, petitioner stated that he feels remorse for the actions and he wanted to return to society and lead a decent life.
The state's attorney opposed any reduction and argued that the sentence was appropriate. She stressed the deleterious effect which petitioner's crimes had on the children involved. She stated that petitioner never acknowledged the seriousness of his acts and he constituted a threat to society.
At the time of sentencing petitioner was on probation for an unrelated felony. He does not appear to have contested the performance of the acts underlying the conviction but denied the criminality and seriousness of the acts.
The sentencing judge who heard the evidence and had the opportunity to observe petitioner at close hand concluded that he was a very disorganized, angry person who placed minor children at risk. The opinion of an experienced trial judge before whom the trial was conducted should be given considerable weight.
In light of the nature of the offences, the character of petitioner, the protection of the public interest and the other criteria which define our scope off review it cannot be found that the sentence is inappropriate or disproportionate.
Accordingly the sentence is affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J., and Norko, J., participated in this decision. CT Page 8365